IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00055-CMA-BNB

MINGYI ROWE,

Plaintiff,

v.

UNITED AIRLINES, INC.,

Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendant's Rule 12(b)(6) Motion to Dismiss Counts III and IV of Plaintiff's Complaint** [Doc. #12, filed 01/31/2013] (the "Motion").[1] I respectfully RECOMMEND that the Motion be DENIED.

### I. STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

---

[1] The plaintiff did not file a response to the Motion.

I may treat a motion to dismiss for failure to state a claim as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(d). Here, the defendants submitted an affidavit with their Motion. Because I do not refer to the affidavit in my analysis of United's Motion to Dismiss, I need not convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d).

## II.   BACKGROUND

This case was transferred here from the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) on January 10, 2013. *Docket Entry Text* [Docs. ##1-15, 7]. The Complaint alleges that the plaintiff is a resident of Colorado, *Complaint*, ¶ 6, and that at all times pertinent she was employed by defendant United Air Lines, Inc. Id. at ¶ 7. The plaintiff claims that she was wrongfully terminated from her employment. The defendant seeks dismissal of Claims Three and Four.

## III.   ANALYSIS

### A.   Claim Three: Illinois Human Rights Act

Claim Three is brought pursuant to the Illinois Human Rights Act (the "Act"), 775 ILCS § 5/6-101(A). *Complaint*, ¶ 80. The defendant argues that the plaintiff cannot bring a claim under the Act because she does not meet the Act's definition of employee. *Motion*, p. 3. The Act defines "employee" as "[a]ny individual performing services for remuneration within this State for an employer." Relying on the Declaration of Mark Dodge, attached to the Motion as Exhibit A, the defendant states that "[a]t all times relevant to this cause of action, Plaintiff was employed at Defendant's Denver domicile." However, I may not rely on the defendant's

evidence when analyzing a motion to dismiss pursuant to Rule 12(b)(6). Moreover, it is unclear from the allegations of the Complaint whether the plaintiff was employed in Illinois or Colorado.[2] Accordingly, the Motion should be denied insofar as it seeks dismissal of Claim Three.

### B. Claim Four: Intentional Infliction of Emotional Distress

The defendant asserts that the plaintiff's claim for intentional infliction of emotional distress must fail because it does not state a claim for relief under Colorado law. The defendant cites Viernow v. Euripides Dev. Corp., 157 F.3d 785, 793 (10th Cir. 1998), which states that when a case is transferred pursuant to 28 U.S.C. § 1404(a), as here, "the transferee court must follow the choice of law rules of the transferor court." Applying Illinois choice of law principles, the defendant argues the following:

> Under the Illinois conflict of law principles, a court must apply the "most significant contacts" test to determine which state's laws apply. French v. Beatrice Foods Co., 854 F.2d 964, 966 (7th Cir. 1988). Under this test,
>
>> In determining whether another state has a more significant relationship with the litigation than does the place of injury, the contacts to be considered include the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered.
>
> Id. (quoting Pittway Corp. v. Lockheed Aircraft Corp., 641 F.2d 524, 526 (7th Cir. 1981)). As explained, Plaintiff is a resident of Colorado and her employment with Defendant was centered in

---

[2] I note that the plaintiff filed her Charge of Discrimination with the Chicago District Office, and that her Notice of Right to Sue was issued from the Chicago District Office [Doc. #3-1, pp. 12-14].

3

>       Defendant's Denver, Colorado domicile. Further, all of the alleged
>       tortious conduct occurred in Colorado, and Plaintiff was allegedly
>       injured in Colorado. In fact, the only connection to Illinois in this
>       case is that Defendant has its headquarters in Illinois. "Thus, based
>       on all the indicia of significant contacts, [], [Colorado] law applies.
>       It cannot be any simpler." Id. at 967.
>
>       Because Plaintiff neither resided nor worked in Illinois during the
>       relevant period, she is unable to avail herself of the protections of
>       Illinois common law and her tort claim must be decided under
>       Colorado law.

*Motion*, pp. 4-5.

The defendants go on to argue that, under Colorado law, the plaintiff's claim for intentional infliction of emotional distress fails. However, it is not clear from the allegations of the Complaint where the alleged tortious conduct occurred and where the plaintiff worked during the relevant period. Therefore, it is not clear whether Claim Four should be analyzed under Colorado law or Illinois law. The motion should be denied to the extent it seeks dismissal of Claim Four.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant's Rule 12(b)(6) Motion to Dismiss Counts III and IV of Plaintiff's Complaint [Doc. #12] be DENIED.[3]

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 12, 2013.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge