**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.  13-CV-00055-CMA-BNB

**MINGYI ROWE,**

        Plaintiff,

v.

**UNITED AIR LINES, INC.,**

        Defendant.

---

**JOINT STIPULATED PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**

---

Upon stipulation by and between Plaintiff Ming-yi Rowe ("Plaintiff") and Defendant United Air Lines, Inc. ("Defendant"), in order to facilitate the discovery process, prevent competitive harm or disadvantage, and in recognition of the proprietary and sensitive information that may subject to discovery in this case, the parties, through their respective counsel, move for the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

It is hereby ~~ADJUDGED AND~~ **ORDERED** as follows:

1.  Plaintiff has asked Defendant to produce certain information and documents that Defendant holds as confidential.  In light of this, this Order allows the designation of certain documents and information which are responsive to the Plaintiff's discovery requests as Confidential Information, and thus controlled by the terms of this Order.  "Confidential Information" for the purposes of this Order includes, but is not limited to, information designated as "CONFIDENTIAL"

by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information (including but not limited to social security numbers, addresses, dates of birth and phone numbers); (f) financial information, income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records (including but not limited to formal and informal performance evaluations, documents relating to or referring to discipline, internal investigations, pay or benefits information, home addresses, telephone numbers or other personal contact information, and dependent identities) of individuals not party to this action. Information or documents that are available to the public may not be designated as Confidential Information.

2. Defendant, prior to producing responsive documents, shall mark "Confidential" on any document containing information that Defendant designates as Confidential Information. Such marking may appear anywhere on the face of each page a relevant document, but shall not cover any of the document's original characters or symbols.

3. **A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the Confidential Information to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the**

**Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information**.

~~Plaintiff may object to the designation of a document or other information as Confidential Information by contacting in writing counsel for the Defendant. If no agreement can be reached between the parties, Plaintiff may seek a ruling from the Court that the document or other information should not be treated as Confidential Information. Until the parties reach an agreement or until the Court enters an order changing the designation, the document and/or information shall be protected in accordance with this Joint Stipulated Confidentiality Order.~~

4. Neither the Plaintiff nor counsel for the Plaintiff nor any person to whom they may be permitted to disclose any Confidential Information under the terms of this Order, will discuss with or disclose to any person the Confidential Information produced by the Defendant, or permit any person to examine or copy that Confidential Information except as provided in Paragraphs 5 and 7 of this Order; nor may Plaintiff, counsel for Plaintiff, or any person to whom they may be permitted to provide any Confidential Information under the terms of this Order disseminate any copies of Confidential Information produced by the Defendant to any person (other than employees of counsel and witnesses, court reporters, or other court officials, in each case during depositions or at trial), except as provided in Paragraphs 5 and 7 of this Order.

5. Counsel for the Plaintiff may disclose the Confidential Information produced by the Defendant subject to the provisions of this Paragraph and Paragraph 9. Any person to whom

Plaintiff or Plaintiff's counsel is permitted to make disclosures under the provisions of this Order shall be bound by the confidentiality and nondisclosure provisions of the Order.

    a.    Counsel for Plaintiff may disclose the Confidential Information to their respective employees;

    b.    Counsel for Plaintiff may disclose the Confidential Information to persons as may be subsequently required by this Court;

    c.    Counsel for Plaintiff may disclose the Confidential Information to court reporters or other court officials involved in this litigation, only with respect to those persons' role in this litigation;

    d.    Counsel for Plaintiff may disclose the Confidential Information as exhibits during deposition ~~or trial~~ in this litigation to deponents or witnesses. Such deponents or witnesses will not be permitted to retain copies of Confidential Information that may have been designated as deposition ~~or trial~~ exhibits, nor may they retain or copy portions of the transcript of their deposition containing Confidential Information not provided by them;

    e.    In the event that Plaintiff or her counsel retain any consulting or other expert in connection with this action, counsel for that party may, to the extent necessary for this litigation and only for use in this litigation, disclose to such persons the Confidential Information produced by the Defendant (and/or provide copies of the Confidential Information) only after such expert is given a copy of this Order by counsel and agrees in writing that he or she shall not discuss with, disclose to, or disseminate copies to any person, including but not limited to any competitor of the Defendant, the Confidential Information or permit anyone to examine or copy the Confidential Information or use the Confidential Information except as provided in Paragraph 9 of this Order. Such agreements shall be signed and dated by each such person, as well as notarized, and shall be in the form of the

attached Acknowledgement. Plaintiff's failure to obtain such written agreement from any consulting or other expert in advance of disclosure shall be a violation of this Order. Counsel for Plaintiff shall provide a copy of any such written agreement to the Defendant's counsel upon the entry of judgment by this Court or dismissal of this case, which ever may occur first.

6. Defendant may, after its counsel receives a deposition transcript, promptly designate pages of the transcript as Confidential Information.

7. Plaintiff's (or Plaintiff's counsel's) disclosure of Confidential Information produced by the Defendant to persons other than those named in Paragraph 5 of this Order shall be permitted only by written permission of the Defendant's counsel or by further Order of this Court.

8. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~Except as specified in this Paragraph, if Plaintiff determines that Confidential Information produced by Defendant should be used or presented as evidence in connection with any pre-trial motion or proceeding in this case, then Plaintiff's counsel shall notify counsel for the Defendant. If an agreement concerning the use of such Confidential Information cannot be reached between the parties, then counsel for the Plaintiff shall follow the Court's procedures for seeking leave to file any such Confidential Information with the Court under seal.~~

9. The Confidential Information shall be used by Plaintiff, Plaintiff's counsel, and any other person to whom it may be disclosed under the terms of this Order, for the sole purpose of this action. Plaintiff's counsel shall remain responsible for all copies of the Confidential Information disclosed to them. Upon the conclusion of this action, Plaintiff's counsel shall return the Confidential Information to counsel for the Defendant.

10. Confidential Information may be offered at trial in this litigation, subject to

objections as to admissibility or privilege, in accordance with procedures the parties may subsequently agree upon or procedures this Court may subsequently require.

11. An inadvertent or unintentional disclosure or failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

12. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

13. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies, shall be destroyed or returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work

product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

14. This Joint Stipulated Confidentiality Order shall not prejudice the rights of the parties to agree at any time in writing to modify, amend, or supplement this Order concerning the terms and conditions of disclosure, maintenance, return, or any other provision.

15. The Court directs compliance with the Clawback Agreement attached hereto as **Exhibit A-1**. The Clawback Agreement is incorporated herein and is enforceable as part of this order. Furthermore, the disclosure of privileged information in this proceeding does not constitute a waiver of attorney-client privilege in any other state or federal proceeding.

Dated October 17, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

We stipulate to the entry of this order:

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|
| /s/ *Gary D. Abrams* (with permission) | /s/ *Amanda E. Inskeep* |
| Gary D. Abrams<br>GARY D. ABRAMS AND ASSOCIATES, LTD.<br>55 West Monroe Street<br>Suite 1200<br>Chicago, Illinois 60603 | Paul E. Bateman<br>Amanda E. Inskeep<br>LITTLER MENDELSON, P.C.<br>A Professional Corporation<br>321 North Clark Street<br>Suite 1000<br>Chicago, IL  60654<br>Telephone: 312.372.5520<br><br>Erin Webber<br>LITTLER MENDELSON, P.C.<br>1900 Sixteenth Street, Suite 800<br>Denver, CO 80202<br>Telephone: 303.629.6200 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-CV-00055-CMA-BNB

**MINGYI ROWE,**

    **Plaintiff,**

v.

**UNITED AIR LINES, INC.,**

    **Defendant.**

_____

I, _____, hereby declare that I have read the foregoing Joint Stipulated Protective Order of this Court and agree to be bound by the terms of the same. I further understand and acknowledge that, by my execution of this Acknowledgment, I agree that I am subject to the jurisdiction of this Court for purposes of enforcement of the terms of the foregoing Joint Stipulated Protective Order and I consent to the same.

                                                                 _____

                                                                  Signature

                                                                  Date: _____

COUNTY OF _____              )
                                                           ) TO WIT
sTATE OF _____               )

Subscribed and sworn before me, a notary public in and for the above jurisdiction, this _____ day of _____ 20___.


_____
Notary Public

      My commission expires: _____.

EXHIBIT A-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  13-CV-00055-CMA-BNB

**MINGYI ROWE,**

      **Plaintiff,**

v.

**UNITED AIR LINES, INC.,**

      Defendant.

---

## NON-WAIVER RULE 502 "CLAWBACK" AGREEMENT

THIS NON-WAIVER "CLAWBACK" AGREEMENT (this "Agreement") is made and entered into by and among Ming-yi Rowe ( "Plaintiff"), and United Air Lines, Inc. ("Defendant" or "United").

**WHEREAS**, the Parties have agreed to produce all documents deemed discoverable under the Federal Rules of Civil Procedure, that are responsive to each other's discovery requests and not privileged or otherwise exempted from discovery under the Federal Rules of Evidence, Federal Rules of Civil Procedure, or other applicable source of law,

**WHEREAS**, some documents produced in this matter may contain attorney-client privileged communications or other information protected as "privileged" and not subject to discovery under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable source of law ("Privileged Material");

**WHEREAS**, some of the produced documents in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to discovery

under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable source of law ("Work-Product Material");

**WHEREAS**, the Parties acknowledge that, despite each Party's best efforts to conduct a thorough pre-production review of all documents, some Work Product Material and Privileged Material (together "Protected Material") may be inadvertently disclosed to the other Party during the course of this litigation;

**WHEREAS**, the parties wish to avail themselves of the full protection available under Federal Rules of Procedure and Evidence, including Federal Rule of Civil Procedure 26(b)(5)(B), and Rule 502, Federal Rules of Evidence.

**WHEREAS**, the undersigned Parties desire to establish a mechanism to avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material, and keep the disclosed Protected Material confidential to the maximum extent possible.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that the following clauses of this Agreement shall govern the disclosure of Protected Material in this action.

### NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE

1. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for document or for the subject matter of the inadvertently disclosed information, if the Producing Party, upon becoming aware of the disclosure, promptly requests its return. The inadvertent disclosure shall also not estop that party or the privilege

holder from designating the information or document as attorney-client privileged or subject to the work product doctrine or any level of confidentiality at a later date.

2. In order to be entitled to this protection, there shall be no requirement for the producing party to prove that it took reasonable steps to prevent disclosure, including, without limitation, proof that its efforts to review for privileged or confidential information or documents were reasonable.

3. Except in the event that the Requesting Party disputes the claim, any document that the Producing Party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the Producing Party or destroyed at the Producing Party's option. This includes all copies, electronic or otherwise, of any such information. In the event that the Producing Party requests destruction, the Requesting Party shall provide written certification of compliance within thirty (30) days of such written request.

4. In the event that the Requesting Party disputes the Producing Party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of Requesting Party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). The Producing Party may promptly present the information to the court under seal for a determination of the claim. If the Requesting Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The Producing Party must preserve the information until the claim is resolved.

5. Any such Protected Material inadvertently disclosed by the Producing Party to the Requesting Party pursuant to this Agreement, shall be and remain the property of the Producing Party.

6. The Parties wish to avail themselves of the full protection provided under Rule 502, Federal Rules of Evidence, and this Agreement and hereby stipulate to the entry of a court order under Rule 502(d) and (e).

7. Any Protected Material disclosed in this litigation is to be considered confidential and proprietary to the Producing Party and the Requesting Party shall hold the same in confidence and shall not use or disclose the Protected Material except as specified under this Agreement, the Agreed Protective Order, or specific orders of the court pertaining to the Protected Material. The Parties shall limit the disclosure of all Protected Material only to those persons with a need to know the information for purposes of supporting their position under this Agreement pursuant to the Agreed Protective Order. Moreover, the Protected Material will not be disclosed, published or otherwise revealed to any other Party in this litigation except with the specific prior written authorization of the Producing Party.

8. If Protected Material is disclosed through inadvertence or otherwise to any person not authorized under this Agreement or the Agreed Protective Order, the Party causing such disclosure shall inform the person receiving the Protected Material that the information is covered by this Agreement and/or the Agreed Protective Order, make its best efforts to retrieve the Protected Material, and promptly inform the Producing Party of the disclosure.

**GENERAL PROVISIONS**

9. This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof, except for the Agreed Protective Order.

11. Upon signature by the Parties' attorneys below, this Agreement shall be binding on the Parties hereto effective upon execution regardless of whether or when the court enters an Order approving and directing compliance therewith.

12. Nothing herein shall prevent any Party from applying to the court for a modification of this Agreement should the moving Party believe the Agreement, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the court for further or additional protective Agreements; or from an Agreement between the Parties to any modification of this Agreement, subject to the approval of the court.

13. This Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

**AGREED TO:**

| | |
|---|---|
| s/ *Amanda E. Inskeep*<br><br>Paul E. Bateman<br>Amanda E. Inskeep<br>LITTLER MENDELSON, P.C.<br>A Professional Corporation<br>321 North Clark Street<br>Suite 1000<br>Chicago, IL  60654<br>Telephone: 312.372.5520<br><br>Erin Webber<br>LITTLER MENDELSON, P.C.<br>1900 Sixteenth Street, Suite 800<br>Denver, CO 80202<br>Telephone: 303.629.6200<br>ATTORNEYS FOR DEFENDANT<br>UNITED AIR LINES, INC. | s/ *Gary D. Abrams* (with permission)_____<br><br>Gary D. Abrams<br>GARY D. ABRAMS AND ASSOCIATES, LTD.<br>55 West Monroe Street<br>Suite 1200<br>Chicago, Illinois 60603<br><br>ATTORNEY FOR PLAINTIFF<br>MING-YI ROWE |